IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| VALERIE V. FENNELL, | * |
|     Appellant, | * |
| vs. | *    CASE NO. 3:13-CV-107 (CDL) |
| JAMES M. DONNAN, III, | * |
|     Appellee. | * |

O R D E R

Appellant Valerie V. Fennell appeals the ruling of the bankruptcy court that her claim asserted in the bankruptcy proceeding of Appellee James M. Donnan, III was dischargeable. Mrs. Fennell's late husband, Dr. Stephen S. Fennell, invested money in a venture called GLC Limited after he learned about GLC from Donnan.  GLC raised capital from private investors like Donnan and Dr. Fennell, and the investors were told that their investments were funding the purchase of inventory that had been presold at a high profit margin or that their investments were funding the purchase of close-out seasonal goods that would be stored and sold the next season.  GLC devolved into a Ponzi scheme, and when it collapsed, Dr. Fennell remained largely unpaid.  Dr. Fennell died, and Mrs. Fennell is the executor of his estate.  Donnan filed for bankruptcy, and Mrs. Fennell filed a complaint on behalf of Dr. Fennell's estate objecting to the

dischargeability of the estate's $427,500 claim against Donnan. The claim was later reduced to $310,617. The crux of Mrs. Fennell's claim is that Donnan fraudulently induced Dr. Fennell to invest in GLC. After a trial, the bankruptcy court dismissed Mrs. Fennell's complaint to deny discharge of debt, finding that Donnan did not act with intent to deceive Dr. Fennell. Mrs. Fennell now appeals that decision. As discussed below, the Court affirms the bankruptcy court's order.

## DISCUSSION

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) because the bankruptcy court's order dismissing Mrs. Fennell's complaint to except her claim from discharge was a final order. The Court reviews the bankruptcy court's conclusions of law *de novo*. *E.g.*, *Piazza v. Nueterra Healthcare Physical Therapy, LLC* (In re *Piazza*), 719 F.3d 1253, 1260 (11th Cir. 2013). The Court must accept the bankruptcy court's findings of fact "unless clearly erroneous." Fed. R. Bankr. P. 8013. "A factual finding is clearly erroneous only when th[e] Court, after reviewing all of the evidence, is left with the definite and firm conviction that a mistake has been committed. *Piazza*, 719 F.3d at 1273 (internal quotation marks omitted). "Such a conviction arises only when there has been a manifest disregard of right and reason." *Id.* (internal quotation marks omitted). When reviewing the factual findings

for clear error, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "Because a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor, deference to the bankruptcy court's factual findings is particularly appropriate." *Equitable Bank v. Miller* (In re *Miller*), 39 F.3d 301, 305 (11th Cir. 1994) (internal quotation marks omitted).

Mrs. Fennell contends that her claim is not dischargeable for three reasons. First, she asserts that her claim is not dischargeable under 11 U.S.C. § 523(a)(2)(A) because Donnan obtained the investments from Dr. Fennell by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Second, Mrs. Fennell argues that her claim is not dischargeable under 11 U.S.C. § 523(a)(4), which provides that a debt incurred through embezzlement is not dischargeable. Third, she contends that her claim is not dischargeable under 11 U.S.C. § 523(a)(6) because Donnan committed a "willful and malicious injury" when he obtained Dr. Fennell's investments. 11 U.S.C. § 523(a)(6). The bankruptcy court determined that Mrs. Fennell failed to carry her burden on all three issues. Therefore, this appeal presents three issues: (1) whether the bankruptcy court erred in determining that Donnan did not commit fraud within the meaning of 11 U.S.C. § 523(a)(2)(A) because he

did not have the requisite intent to deceive; (2) whether the bankruptcy court erred in finding that Donnan did not embezzle funds from Dr. Fennell; and (3) whether the bankruptcy court erred in finding that Donnan did not commit a willful and malicious injury.

After reviewing the record and with the benefit of oral argument, the Court finds that the bankruptcy court's factual findings were not clearly erroneous and that its legal conclusions were supported by well established law. Specifically, there is no clear error in the bankruptcy court's factual finding that Donnan was not a partner in GLC, which was operated by Greg Crabtree and his wife during the relevant timeframe.  There is no clear error in the bankruptcy court's factual findings that Donnan's role was limited to raising funds for the inventory transactions and that Crabtree, not Donnan, was solely responsible for the underlying inventory transactions.  Consequently, it was not clearly erroneous for the bankruptcy court to find that insufficient evidence existed to impute Crabtree's running of an alleged fraudulent Ponzi scheme to Donnan.  Similarly, the Court finds no clear error in the bankruptcy court's factual finding that Donnan was not aware of the GLC Ponzi scheme and did not knowingly participate in it, and thus Donnan did not act with intent to deceive Dr. Fennell.

The Court also finds no reversible error based on a *de novo* review of the bankruptcy court's legal conclusions. First, the bankruptcy court did not err in finding that Mrs. Fennell had not established a claim under 11 U.S.C. § 523(a)(2)(A), which requires, among other things, that "the debtor made a false statement with the purpose and intention of deceiving the creditor [and] the creditor relied on such false statement." *Johannessen v. Johannessen* (In re *Johannessen*), 76 F.3d 347, 350 (11th Cir. 1996). Though Mrs. Fennell argues that a debt created by an investment in a Ponzi scheme is *per se* non-dischargeable, the bankruptcy court correctly rejected that argument. In support of her argument, Mrs. Fennell cites cases that stand for the proposition that if a person *runs* a Ponzi scheme, then the existence of the Ponzi scheme is sufficient to prove the person's intent to defraud. *See, e.g.*, *Barclay v. Mackenzie* (In re *AFI Holding, Inc.*), 525 F.3d 700, 704 (9th Cir. 2008) (finding that debtor who pleaded guilty to indictment that alleged elements of Ponzi scheme had intent to defraud); *Bauman v. Bliese* (In re *McCarn's Allstate Fin., Inc.*), 326 B.R. 843, 850-51 (Bankr. M.D. Fla. 2005) (same). But Mrs. Fennell did not point to any cases holding that the mere existence of a Ponzi scheme establishes actual fraud on the part of someone who was not aware of the scheme. This Court does not suggest that the existence of an alleged Ponzi scheme is irrelevant, but the

bankruptcy court correctly analyzed the extent of Donnan's knowledge of the nature of the scheme. Assessing Donnan's knowledge of the fraudulent scheme (or lack thereof) was fundamental to determining the dischargeability of the claim because, as the bankruptcy court noted, "a debt may be excepted from discharge when the debtor personally commits actual, positive fraud." *Hoffend v. Villa* (In re *Villa*), 261 F.3d 1148, 1151 (11th Cir. 2001); *accord Schweig v. Hunter* (In re *Hunter*), 780 F.2d 1577, 1579 (11th Cir. 1986) ("In order to preclude the discharge of a particular debt . . . a creditor must prove . . . the debtor['s] positive fraud . . . ."), *abrogated on other grounds by Grogan v. Garner*, 498 U.S. 279, 291 (1991).  As discussed above, the bankruptcy court, after hearing testimony from a number of witnesses, concluded that Donnan did not act with intent to deceive Dr. Fennell.  Therefore, the bankruptcy court did not err in dismissing Mrs. Fennell's claim under 11 U.S.C. § 523(a)(2)(A).[1]

The bankruptcy court also did not err in finding that Mrs. Fennell had not established a claim under 11 U.S.C. § 523(a)(4), which provides that a debt for money obtained by embezzlement is not dischargeable.  It is undisputed that "[e]mbezzlement is the fraudulent appropriation of property by a person to whom such

---

[1] Mrs. Fennell also appears to argue that Donnan committed securities fraud, but she withdrew her request to add a securities law violation claim to her complaint before the bankruptcy court.  Therefore, that argument cannot be considered on this appeal.

property has been entrusted, or into whose hands it has lawfully come." *Wilson Family Foods, Inc. v. Brown* (In re *Brown*), 457 B.R. 919, 926 (Bankr. M.D. Ga. 2011). There is no clear error in the bankruptcy court's factual finding that Dr. Fennell's investments were deposited into GLC's accounts and were never in Donnan's possession. Because Donnan never had possession of Dr. Fennell's funds, the bankruptcy court correctly dismissed Mrs. Fennell's claim under 11 U.S.C. § 523(a)(4).

Finally, the bankruptcy court did not err in finding that Mrs. Fennell's claim under 11 U.S.C. § 523(a)(6) failed. Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). "[A] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *Maxfield v. Jennings* (In re *Jennings*), 670 F.3d 1329, 1334 (11th Cir. 2012) (alteration in original) (internal quotation marks omitted). As with the bankruptcy court's other factual findings, there was no clear error in the bankruptcy court's factual finding that Donnan did not knowingly participate in the GLC Ponzi scheme. Therefore, the bankruptcy court did not err in concluding that Mrs. Fennell's claim did not arise from a willful and malicious injury.

CONCLUSION

For the reasons previously explained, the Court affirms the bankruptcy court's order dismissing Mrs. Fennell's complaint to deny discharge of debt.

IT IS SO ORDERED, this 21st day of January, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE